IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LANCE FUJII, ) | CIVIL NO. 10-00248 SOM-LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOSE L. LLAVINA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**AMENDED FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION TO REMAND CIVIL NO. 10-00248 TO THE
<u>CIRCUIT COURT OF THE SECOND CIRCUIT, STATE OF HAWAII</u>**

Before the Court is Plaintiff Lance Fujii's ("Plaintiff") Motion to Remand Civil No. 10-00248 to the Circuit Court of the Second Circuit, State of Hawaii ("Motion"), filed on May 21, 2010. Defendant Jose L. Llavina ("Defendant") filed his memorandum in opposition on June 18, 2010, and Plaintiff filed his reply on July 1, 2010. This matter came on for hearing on July 22, 2010. Appearing on behalf of Plaintiff was Joseph Wildman, Esq., and appearing on behalf of Defendant was Kevin Sumida, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion be DENIED for the reasons set forth below.

**<u>BACKGROUND</u>**

The instant case arises from a motor vehicle accident

that occurred on December 6, 2006 in Maui.  Plaintiff was a passenger in one of the vehicles and Defendant was the driver of the other vehicle.

Plaintiff, a resident of Maui, filed the instant action in the Second Circuit Court of the State of Hawai`i ("state court") on March 17, 2010.  [Complaint at ¶ 1.]  The Complaint alleges that

> [a]s a direct and proximate result of [Defendant's] acts and/or omissions and/or negligence[,] . . . Plaintiff sustained injuries, including his neck, back, right leg and hip, pain and suffering, emotional and mental distress, incurred medical and/or rehabilitative expenses and/or will incur future medical and/or rehabilitative expenses and such other general and/or special damages in amounts not presently ascertained but which shall be proven at time of trial . . .

[Complaint at ¶ 7.]  The Complaint seeks: "[g]eneral damages in an amount within the jurisdiction of the Circuit Court of the Second Circuit, State of Hawaii"; "[s]pecial damages in such amounts as will be proved at time of trial"; prejudgment interest; attorneys' fees and costs; and any other appropriate relief.  [Id. at ¶¶ A-D.]  Defendant, a citizen of Utah, removed the action on April 28, 2010 based on diversity jurisdiction.  [Notice of Removal at ¶¶ 1, 4.]

In the instant Motion, Plaintiff seeks to have the case remanded back to state court on the ground that the amount in controversy does not exceed $75,000, exclusive of interest and

costs.  See 28 U.S.C. § 1332(a).  The Motion states that, after the removal, Plaintiff's counsel contacted defense counsel about stipulating to the remand of the case, but counsel were not able to reach an agreement.  On May 10, 2010, Plaintiff's counsel transmitted for execution a stipulation that the amount in controversy did not exceed $70,000, exclusive of interest and costs.  [Exh. A to Motion.]  Defense counsel did not return the stipulation.

In his memorandum in opposition to the Motion, Defendant emphasizes that it is the amount claimed in the lawsuit at the time the Complaint is filed that is relevant; subsequent reductions in the amount in controversy do not destroy federal jurisdiction.  Defendant points to a February 1, 2010 demand letter that Plaintiff's counsel sent to Defendant's insurer in which Plaintiff's counsel estimated that the probable jury verdict or arbitration award in this case would be between $88,341.51 and $93,341.51.  [Mem. in Opp., Exh. Q at 5.] Defendant argues that this is indisputable evidence that, at the time Plaintiff filed the Complaint, the amount in controversy exceeded the minimum amount required for diversity jurisdiction. Defendant further argues that previous personal injury judgment in the State of Hawai`i in cases involving comparable injuries have resulted in awards far in excess of $75,000.  [Mem. in Opp., Exhs. A-P.]  Defendant therefore argues that Plaintiff's Motion

should be denied.

In his reply, Plaintiff emphasizes that the Complaint does not seek a specific dollar amount for his damages and that Hawai`i law prohibits ad damnum clauses.  See Haw. Rev. Stat. § 663-1.3(a).  Plaintiff argues that the most that this Court can infer from the Complaint is that Plaintiff seeks damages of at least $20,000, the jurisdictional limit for circuit courts in the State of Hawai`i.[1]  [Reply at 4.]  Plaintiff argues that the Court should look to the Complaint to determine the amount in controversy, not the demand letter.  Plaintiff also argues that the Court should not consider the personal injury judgments which Defendant cites because: they are not comparable to the instant case because those cases involved more serious injuries; and they do not represent the current trends in jury verdicts and arbitration awards.  Plaintiff submitted several personal injury reports which were below $75,000.  [Reply, Aff. of Joseph L. Wildman, Exhs. A-J.]  Plaintiff argues that these cases involved injuries that were more similar to the injuries at issue in the instant case, and the incidents in these cases are more contemporaneous to the incident at issue in the instant case.

---

[1] The Court, however, notes that the Hawai`i State Judiciary website states that the circuit courts have exclusive jurisdiction in civil cases where the contested amount exceeds $25,000.  The circuit courts have concurrent jurisdiction with the district courts in civil non-jury cases in which the contested amount is between $10,000 and $25,000.  See http://www.courts.state.hi.us/courts/circuit/circuit_courts.html.

**DISCUSSION**

Defendant removed the instant case pursuant to 28 U.S.C. §§ 1441 and 1446.  [Notice of Removal at ¶ 4.]  Section 1441 provides, in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441.  Section 1441 is strictly construed against removal, and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

It is undisputed that there is complete diversity among the parties and that Defendant is not a citizen of Hawai`i.  The issue in the instant Motion is whether the amount in controversy

exceeds the jurisdictional amount.  See 28 U.S.C. § 1332(a).  The Complaint does not specify a specific amount in controversy other than to state that is within the jurisdictional requirements of the state circuit courts.  Thus, the amount in controversy is at least $20,000, but this does not answer the question whether the amount in controversy satisfies the requirements for federal diversity jurisdiction.  Defendant therefore must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.  See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

In considering whether a defendant has satisfied the preponderance of the evidence standard, courts consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) (citations and quotation marks omitted).  Where the complaint is silent as to the amount of damages sought, the defendant cannot establish removal jurisdiction based solely on a conclusory allegation that the amount in controversy exceeds the jurisdictional amount.  See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).

In the present case, this Court finds that the amount

in controversy is not facially apparent from the allegations in the Complaint.  Although Defendant's Notice of Removal merely contains a conclusory allegation that "the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000," [Notice of Removal at ¶ 4,] the Court finds that Defendant presented summary-judgment-type evidence relevant to the amount in controversy at the time of filing with his memorandum in opposition to the Motion.  Plaintiff's February 1, 2010 demand letter to Defendant's insurer estimates that a probable arbitration award or jury verdict in this case would be between $88,341.51 and $93,341.51.  Also the demand letter would not be admissible as evidence of "liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction[,]" Fed. R. Evid. 408(a), it is admissible in the instant Motion to establish the amount in controversy for removal purposes.  See Fed. R. Evid. 408(b) (stating that exclusion is not required if a party offers the evidence for a purpose which is not prohibited in subsection (a)).

   The Court will not consider Plaintiff's post-removal offer to stipulate that the amount in controversy does not exceed $70,000.00, because "diversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently

drops below the minimum jurisdictional level." <u>Hill v. Blind Indus. & Servs. of Maryland</u>, 179 F.3d 754, 757 (9th Cir. 1999) (citations omitted).

This Court therefore FINDS that Defendant has carried his burden of proving that the amount in controversy exceeds $75,000, exclusive of interests and costs.  The Court further FINDS that the district court has diversity jurisdiction over the instant case pursuant to 28 U.S.C. § 1332(a).

## **CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion to Remand Civil No. 10-00248 to the Circuit Court of the Second Circuit, State of Hawaii, filed on May 21, 2010, be DENIED.

The parties are advised that any objection to these Findings and Recommendation is due seventeen calendar days after being served with a copy of these Findings and Recommendation. <u>See</u> Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**LANCE FUJII V. JOSE L. LLAVINA; CIVIL NO. 10-00248 SOM-LEK; AMENDED FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND CIVIL NO. 10-00248 TO THE CIRCUIT COURT OF THE SECOND CIRCUIT, STATE OF HAWAII**